IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
|---|---|---|
| v. | : | DATE FILED |
| RICHARD C. RONEY, JR. | : | VIOLATIONS:<br>18 U.S.C. § 1343 (wire fraud – 4 counts) |
|  | : | Notice of forfeiture |

## INFORMATION

### COUNTS ONE THROUGH FOUR

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times relevant to this information:

1. In or about December 2006, defendant RICHARD C. RONEY, JR. began operating Park Avenue Abstract, Inc. ("Park Avenue Abstract") as a third-party escrow company, also called a "title" company, based in Somerdale, New Jersey. Defendant RONEY was the sole owner of Park Avenue Abstract.

2. In or about 2007, Park Avenue Abstract entered into a Title Agency Agreement with Commonwealth Land Title Insurance Company ("CLTIC"), a national title insurance underwriter based in Philadelphia, Pennsylvania, pursuant to which Park Avenue Abstract was authorized to issue title insurance policies underwritten by CLTIC.

3. As a third-party escrow company, Park Avenue Abstract's role in the mortgage loan process was to, among other things, open and maintain an escrow account at a bank into which funds could be sent from lenders to be held "in escrow," issue wiring instructions to lenders, comply with the terms of the loan closing instructions, provide title

closing services, issue title insurance policies underwritten by CLTIC, disburse escrow funds to satisfy any prior liens, repay any existing first-mortgages and otherwise distribute the escrow funds pursuant to the HUD-1 settlement statement, and then record the deed and mortgage with the appropriate municipality. In return for these services, Park Avenue Abstract charged lenders a fee. Park Avenue Abstract, as a third-party escrow company, owed a fiduciary duty to the lenders who deposited funds into its escrow accounts to only disburse funds in accordance with the HUD-1 settlement statement and to take no more of those funds for Park Avenue Abstract's own use than the fees payable to Park Avenue Abstract as reflected on the HUD-1 settlement statement for each loan.

4. RICHARD C. RONEY, JR. maintained escrow accounts in the name of Park Avenue Abstract at Fulton Bank and its predecessor, The Bank, in New Jersey (hereinafter referred to as "Fulton Bank") and provided lenders with that account information so that lenders could wire funds into those escrow accounts for loans as to which Park Avenue Abstract was serving as the title company. Defendant RONEY also maintained operating accounts for Park Avenue Abstract at Fulton Bank from which defendant RONEY paid Park Avenue Abstract's operating expenses.

## THE SCHEME

5. Beginning in or about June 2009 and continuing until in or about April 2013, within the Eastern District of Pennsylvania, the District of New Jersey, and elsewhere, defendant

**RICHARD C. RONEY, JR.**

devised and intended to devise a scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises.

## MANNER AND MEANS

6. Defendant RICHARD C. RONEY, JR. utilized Park Avenue Abstract to provide third-party escrow services, which included issuing title insurance policies underwritten by CLTIC, in mortgage loan transactions.

7. Defendant RICHARD C. RONEY, JR. induced lenders financing the mortgage loan transactions to wire funds into Park Avenue Abstract's escrow accounts at Fulton Bank by providing various documents to the lenders, including wiring instructions and closing protection letters.

8. Beginning in or about June 2009 and continuing to in or about October 2011, instead of immediately utilizing the funds wired into Park Avenue Abstract's escrow accounts by lenders for the purposes set forth in the HUD-1 settlement statement, defendant RICHARD C. RONEY began to unlawfully withdraw funds from Park Avenue Abstract's escrow accounts at Fulton Bank for his personal use by transferring those funds via bank wire transfer to his personal bank account at Bank of America in New Jersey.

9. Beginning in or about June 2009 and continuing to in or about October 2011, in order to conceal from lenders and CLTIC his personal misappropriation of funds, defendant RICHARD C. RONEY, JR. returned the funds he had previously withdrawn for his personal use once his perceived financial need for the misappropriated funds had passed.

10. In or about August 2011, defendant RICHARD C. RONEY, JR. opened a Park Avenue Abstract bank account at Sun National Bank in New Jersey, which he did not disclose to Park Avenue Abstract's title insurance underwriter, CLTIC.

11. Beginning in or about August 2011 and continuing to in or about April 2013, defendant RICHARD C. RONEY, JR. began to unlawfully transfer funds from the Park

3

Avenue Abstract escrow accounts at Fulton Bank to the newly-opened Sun National Bank account. Defendant RONEY then accessed those funds for personal use, whenever defendant RONEY perceived that he had a financial need for the funds.

12. Between June 2009 and March 2013, defendant RICHARD C. RONEY, JR. failed to disclose to lenders who wired funds into Park Avenue Abstract's escrow accounts at Fulton Bank that he was using those funds to pay his personal expenses, and instead led the lenders to believe that Park Avenue Abstract was disbursing the loan proceeds from the escrow accounts in accordance with the terms of the HUD-1 settlement statements.

13. Beginning in or about August 2011 and continuing to in or about April 2013, in an effort to conceal the nature of the unlawful wire transfers from audits conducted by Park Avenue Abstract's title insurance underwriter, defendant RICHARD C. RONEY, JR. made these wire transfer amounts equal to the loan payoff amounts on the HUD-1 settlement statements, making it appear that each of the unlawful wire transfers was actually paying off a borrower's prior mortgage.

14. Beginning in or about December 2011 and continuing to in or about April 2013, defendant RICHARD C. RONEY, JR. began to also use the funds that were unlawfully transferred from Park Avenue Abstract escrow accounts at Fulton Bank to pay Park Avenue Abstract's operating expenses, including employee salary, after defendant RONEY realized that Park Avenue Abstract was carrying insufficient funds in its operating account to pay its operating expenses.

15. Beginning in or about December 2011 and continuing to in or about April 2013, defendant RICHARD C. RONEY, JR. failed to disclose to lenders who wired funds into Park Avenue Abstract's escrow account at Fulton Bank that he was using those funds to pay Park

4

Avenue Abstract's operating expenses, and instead led the lenders to believe that Park Avenue Abstract was disbursing the loan proceeds from the escrow account in accordance with the terms of the HUD-1 settlement statements.

16. Once defendant RICHARD C. RONEY, JR. began withdrawing funds from Park Avenue Abstract's escrow accounts at Fulton Bank to pay for Park Avenue Abstract's operating expenses, this caused Park Avenue Abstract to fail to timely satisfy outstanding first mortgages that were supposed to have been satisfied with the escrow funds that defendant RONEY had misappropriated. As a result, defendant RONEY began to utilize subsequent loan proceeds wired into Park Avenue Abstract's escrow account at Fulton Bank to satisfy the earlier, unsatisfied first mortgages, without disclosing to the lenders that their loan proceeds were being utilized to satisfy unrelated first mortgages that Park Avenue Abstract had previously failed to timely satisfy.

17. On or about each of the following dates, in the District of New Jersey, and elsewhere, defendant

**RICHARD C. RONEY, JR.**

for the purpose of executing the scheme described above, and attempting to do so, and aiding and abetting its execution, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below, each transmission constituting a separate count:

| COUNT | DATE | ORIGIN OF WIRE | DESTINATION OF WIRE | METHOD OF WIRE AND DESCRIPTION |
|---|---|---|---|---|
| ONE | 3/21/13 | New York | New Jersey | Bank wire transfer of approximately $169,945 from Provident Funding's account at ending in 6545 at Deutsche Bank Trust Company in New York to Park Avenue Abstract's account ending in 4184 at Fulton Bank in New Jersey. |
| TWO | 3/29/13 | Georgia | New Jersey | Bank wire transfer of approximately $99,266 from SunTrust Mortgage, Inc's account ending in 9544 at SunTrust Bank in Georgia to Park Avenue Abstract's account ending in 4184 at Fulton Bank in New Jersey. |
| THREE | 4/3/13 | Colorado | New Jersey | Bank wire transfer of approximately $309,596 from Provident Funding's account ending in 5001 at Colorado Federal Savings Bank in Colorado to Park Avenue Abstract's account ending in 4184 at Fulton Bank in New Jersey. |
| FOUR | 3/29/13 | North Carolina | New Jersey | Bank wire transfer of approximately $163,480 from Provident Funding's account ending in 0765 at Bank of America in North Carolina to Park Avenue Abstract's account ending in 4184 at Fulton Bank in New Jersey. |

18. All told, as a result of his actions, defendant RICHARD C. RONEY, JR. caused SunTrust Mortgage, Inc. (a subsidiary of SunTrust Banks, Inc.) to sustain losses of approximately $100,000, and Provident Funding Associates L.P. (a division of Colorado Federal Savings Bank) to sustain losses of approximately $651,750.

All in violation of Title 18, United States Code, Section 1343.

## NOTICE OF FORFEITURE

THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:

1. As a result of the violations of Title 18, United States Code, Sections 1343 set forth in this information, defendant

**RICHARD C. RONEY, JR.**

shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained directly or indirectly from the commission of such offense, including but not limited to $751,750 in United States currency (money judgment).

2. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred to, sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of this Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 24661(c), both incorporating 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982 and Title 28, United States Code, Section 2461.

_____
ZANE DAVID MEMEGER
UNITED STATES ATTORNEY